# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BUDICAK, INC., on behalf of itself and all others similarly situated, | ) ) ) ) | Case No. 18 C 4966 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Judge Edmond E. Chang |
| LANSING TRADE GROUP, LLC, and JOHN DOES NOS. 1-6, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT LANSING TRADE GROUP'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND TO DEFER MIDP DEADLINES

Defendant Lansing Trade Group, LLC ("Lansing"), pursuant to Federal Rule of Civil Procedure 6(b) and the rules of the Mandatory Initial Discovery Pilot ("MIDP") project, respectfully asks this Court to enter an order (1) granting Lansing an extension of time to file a motion to dismiss plaintiff Budicak, Inc.'s ("Budicak") complaint ("Complaint"), and (2) deferring Lansing's obligation to file a responsive pleading until after this Court has had the opportunity to consider Lansing's anticipated motion to dismiss, which will raise standing arguments. In support of this motion, Lansing states as follows:

1. Budicak filed its Complaint on July 20, 2018, (Dkt. No. 1), and served a copy on Lansing's service agent in Delaware on July 24, 2018 (Dkt. No. 15). Lansing's answer and motion to dismiss are both due on August 14, 2018 pursuant to Rule 12(a) and the MIDP. (*See also* Dkt. No. 15.) Had Lansing been afforded the opportunity to waive service of process pursuant to Rule 4(d), however, Lansing's motion to dismiss and answer would be due on

September 21, 2018.[1] *See* Fed. R. Civ. P. 4(d); 12(a)(1)(A)(ii). Lansing retained the undersigned

counsel to represent it in this putative class action on July 27, 2018.

2.      The Federal Rules of Civil Procedure provide that, upon a showing of "good

cause," a court may extend the time in which a motion or responsive pleading must be filed. Fed.

R. Civ. P. 6(b)(1)(A). As former District Judge St. Eve noted in the June 13, 2018 ILND-MIDPP

Refresher Workshop, the MIDP is not intended to alter or curtail district judges' discretion to

grant extensions for filing of pleadings and motions under Rule 12. *See* ILND-MIDPP Refresher

Workshop, at 22:07-22:41 (June 13, 2018) (Judge St. Eve stating that "nothing about the Pilot

takes th[e] discretion" to grant extensions of the time to answer a complaint away from judges),

*available at* http://www.ilnd.uscourts.gov/Pages.aspx?page=ILND-

MIDPP_Refresher_Workshop.

3.      Good cause exists to grant Lansing an extension of time to move to dismiss the

Complaint. The Complaint asserts six distinct and complex claims against Lansing, including

claims under the Commodity Exchange Act ("CEA"), 7 U.S.C. § 1 *et seq.*, and the Sherman

Antitrust Act, 15 U.S.C. § 1 *et seq.*, and seeks numerous types of relief, including damages,

treble damages, the creation of a permanent constructive trust, costs and attorneys' and experts'

fees, and injunctive and declaratory relief. (Dkt. No. 1, Compl. ¶¶ 82-116; Prayer for Relief.)

The Complaint further seeks certification as a class action that purports to be on behalf of "at

least thousands of geographically dispersed Class members." (*Id.* ¶ 72.) Lansing and its counsel

accordingly request a modest extension of 38 days to investigate and respond to the Complaint's

---

[1]    Under Rule 12(a)(1)(A)(ii), Lansing's responsive pleading and any motion to dismiss would be due
60 days after Budicak sent the waiver. September 21, 2018 is 60 days after the summons issued,
according to the docket in this case. (*See* Dkt. Entry on July 23, 2018.)

allegations, which is equivalent to the additional time Lansing would have had under Federal and MIDP rules if Budicak afforded Lansing the opportunity to waive service.

4.      Lansing also asks this Court to enter an order deferring Lansing's obligation to file a responsive pleading until after this Court has had the opportunity to consider Lansing's anticipated motion to dismiss. Under the MIDP, a defendant must ordinarily answer a complaint "within the time set forth in 12(a)(1)-(3), even if [it has] already filed a preliminary motion pursuant to 12(b)." MIDP ¶ A.3. However, the MIDP expressly provides that the Court "may defer" these deadlines "for good cause while it considers a motion to dismiss based on: (1) lack of subject-matter jurisdiction, (2) lack of personal jurisdiction, (3) sovereign immunity, (4) absolute immunity, or (5) qualified immunity of a public official." (*Id.* ¶ A.3.) Northern District Courts have also deferred the MIDP's timeline for answering a complaint in circumstances where a defendant moves to dismiss a complaint for a lack of standing or where there is a high probability the motion will be granted. *See* ILND-MIDPP Refresher Workshop, at 18:18-33 (Judge Dow stating that, "I've gotten a lot of motions to defer under *Spokeo* saying there's no standing and that's the kind of thing that's close enough that I have generally deferred the pilot . . . ."); *see also Fraternal Order of Police, Chi. Lodge No. 7* v. *City of Chi.*, No. 18 C 3831, Dkt. Nos. 12, 19 (N.D. Ill. July 16, 2018) (Dow, J.) (granting in part motion to defer answer and initial discovery responses where defendants' argued motion was likely to be granted and discovery would be burdensome).

5.      Here, there is good cause to defer the time for Lansing to answer the Complaint (and the attendant MIDP obligations) consistent with the goals of the MIDP and Rule 1.

6.      First, Lansing intends to file a motion to dismiss Budicak's Complaint based, in part, on Budicak's failure to plead any injury that would establish standing under Article III or

statutory standing under the CEA or the Sherman Antitrust Act. Whether Budicak has alleged an injury in fact sufficient to establish Article III standing is a jurisdictional issue that falls within the MIDP's enumerated criteria for deferring Lansing's answer deadline. *Cf. Meyers* v. *Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 729 (7th Cir. 2016) (holding complaint insufficient to establish Article III standing must be dismissed for lack of jurisdiction). Moreover, Budicak's failure to plead injury is a threshold question that rests on information in Budicak's possession—not on Lansing's disclosures or documents. If Budicak has not adequately alleged any injury, let alone plausible injury, Lansing's anticipated motion will resolve the case as speedily and inexpensively as possible, consistent with the goals of the MIDP.[2] It is particularly important to address deficient pleadings early in antitrust cases, as to which the Supreme Court has "warned particularly of the high costs and frequent abuses associated with antitrust discovery." *Christy Sports, LLC* v. *Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 558 (2007)); *see also DSM Desotech Inc.* v. *3D Sys. Corp.*, No. 08 C 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (Lefkow, J.) ("As the Supreme Court, the Seventh Circuit, and this court have all recognized, discovery in any antitrust case can quickly become enormously expensive and burdensome to defendants.").

7. Second, Lansing believes there will be early motion practice in this case, such that deferring the time for Lansing's answer will not result in undue delay. Lansing anticipates filing a motion to transfer this case to United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404 within the next 30 days. Lansing also anticipates that Budicak's counsel will

---

[2] Lansing also intends to argue, among other things, that Budicak has failed to allege facts sufficient to establish an agreement among any alleged co-conspirators, antitrust injury, or artificial prices—in fact, Budicak's Complaint contains no specific factual allegations regarding futures or options prices or how Lansing's conduct allegedly impacted any particular futures or options price.

file a motion to be appointed interim lead class counsel, which may require the Court's attention in advance of Lansing's motion to dismiss.

8.      Lansing met and conferred with Budicak's counsel on July 31 and August 1. Although the parties negotiated in good faith, they could not reach an agreement.

9.      Lansing believes its proposal is more likely to result in the just, speedy, and inexpensive determination of this case. Importantly, Lansing is not requesting a departure from the MIDP program overall or a deferral of MIDP deadlines other than the deadline to make a responsive pleading. Rather, Lansing is requesting (1) that this case proceed under the MIDP schedule as if Lansing had been afforded the opportunity to waive service, so that Lansing's motion to dismiss is due September 21, 2018, and (2) that the Court, consistent with the goals of the MIDP, its enumerated exceptions, and how it has been implemented by certain courts in this District, defer Lansing's obligation to file a responsive pleading until after the Court has had the opportunity to consider Lansing's motion to dismiss, which will be based in part on Budicak's failure to allege facts sufficient to establish standing.

10.     For the reasons set forth above, Lansing requests that the Court enter an order (1) granting Lansing an extension of time to file a motion to dismiss until September 21, 2018 and (2) deferring Lansing's obligation to file a responsive pleading until after the Court has considered Lansing's motion to dismiss.

Dated: August 2, 2018

Respectfully submitted,

LANSING TRADE GROUP, LLC

/s/ J. Kevin McCall

J. Kevin McCall
Nicole A. Allen
Thomas E. Quinn
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350

*Attorneys for Defendant Lansing Trade Group, LLC*